NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD MARVIN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SAINT MARY'S CREDIT UNION, JOHN DOES 1-10 and XYZ CORPORATIONS, <br><br> Defendants. | Civil Action No. 2:12-cv-03876 (CCC)(JAD) <br><br> **REPORT AND RECOMMENDATION** |

This matter comes before the Court upon motion by defendant Saint Mary's Credit Union (the "Defendant") to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b) on the grounds that: (1) the Court lacks personal jurisdiction over Defendant; (2) venue is improper; and/or, in the alternative, (3) Plaintiff failed to state a claim upon which relief can be granted (the "Motion"). The Motion was referred to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the recommendation of this Court that Defendant's motion to dismiss based on lack of personal jurisdiction be **GRANTED**.

I.  **BACKGROUND.**

Plaintiff Donald Marvin ("Plaintiff") filed this action alleging that Defendant violated the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq., and its implementing regulations 12 C.F.R. 205 et seq. ("EFTA"), by imposing a fee for completing an electronic funds transfer without providing statutorily required notice. (Opp. Br. 2, ECF No. 10).

1

Plaintiff claimed that he withdrew cash from an automated teller machine ("ATM") in Northborough, Massachusetts, which was operated by Defendant. (Compl. ¶¶ 13, 14, ECF No. 1). Plaintiff further alleged he was charged a transaction fee for the use of the ATM, but that no notice was displayed "at or near the ATM that a fee would be charged . . .". (Id. at ¶¶ 15, 16).[1] According to Plaintiff, Defendant's failure to provide such notice constituted a violation of the EFTA, which requires ATM operators, such as Defendant, to inform consumers that it will impose a fee for certain transactions as follows:

> "(1) On the machine. Post in a prominent and conspicuous location on or at the automated teller machine a notice that:
>
> (i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or (ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and
>
> (2) *Screen or paper notice.* Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee."

12 C.F.R. § 205.16(c).[2]

Plaintiff instituted this action in the District of New Jersey; however, he did not allege that he is a resident of New Jersey. In fact, in the Complaint, Plaintiff did not provide his address at all, stating only that he is a "citizen of the United States." (Compl. ¶ 1, ECF No 1).[3]

---

[1] Plaintiff is not regular customer of Defendant and did not hold any accounts with the Defendant at the time of the alleged EFTA violation. (Compl. ¶ 15, ECF No. 1).

[2] According to Defendant, all of its ATMs are "programmed to provide an on-screen notice of a transaction fee as well as the opportunity to terminate the transaction prior to incurring the fee." (Br. Supp. Mot. Dismiss 3, ECF No. 8-1).

[3] Defendant contended that Plaintiff is a resident of Pennsylvania based upon pleadings filed by Plaintiff in other lawsuits, wherein Plaintiff asserted claims under the EFTA identical to those asserted in this matter. (Br. Supp. Mot. Dismiss 2, ECF No. 8-1).

Defendant is a Massachusetts credit union with its principle place of business in Malborough, Massachusetts. (Id. at ¶ 2). Defendant argued that it has insufficient minimum contacts with New Jersey to establish personal jurisdiction, and, therefore, filed the Motion seeking to dismiss the Complaint. Specifically, Defendant asserted that it: does not conduct, nor is it registered to conduct, business in New Jersey; owns and operates ATMs only in Massachusetts; has never operated a branch or place of business in this State; has no employees, personnel or agents in New Jersey; does not file New Jersey tax returns; does not own, lease or manage any real property in this State; does not purposefully market, solicit or promote itself to customers in New Jersey; makes clear on its website that its services are restricted to Massachusetts residents; does not own any assets in New Jersey; and has only 46 members out of 38,000 that currently reside in New Jersey.[4] (Br. Supp. Mot. Dismiss 3-4, ECF No. 8-1). Moreover, Defendant emphasized that the transaction at issue, and the alleged failure to provide notice of a fee imposition, occurred in Massachusetts. (Id. at 3).

In opposition, Plaintiff argued that jurisdiction exists based on a single fact, namely that Plaintiff's bank account is allegedly located in New Jersey. (Opp. Br. 3, ECF no. 10). According to Plaintiff, the imposition and withdrawal of the transaction fee upon Plaintiff's bank account in New Jersey establish "specific jurisdiction" over Defendant. (Id.). The Court notes, however, that the Complaint does not contain any allegation that Plaintiff had a bank account in New Jersey.

---

[4] Defendant alleged that many of these members likely originated their accounts at St. Mary's while residing in in Massachusetts, and only later relocated to New Jersey. (Br. Supp. Mot. Dismiss 4, ECF No. 8-1).

Thus, this motion requires the Court to determine whether it has personal jurisdiction over Defendant.[5]

## II. LEGAL STANDARD.

To ascertain whether a court has personal jurisdiction over a defendant, a federal court sitting in diversity jurisdiction must conduct a two-step analysis. Howard Johnson Int'l, Inc. v. DKS, LLC, No. 08-2316 (JAG), 2009 WL 2595685, *1, *3 (D.N.J. Aug. 20, 2009). First, the court must look to the forum state's long arm statute to determine if personal jurisdiction is permitted over the defendant. Id. Second, the court must determine whether the exercise of jurisdiction violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Id. (citing IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998); Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co., 75 F.3d 147, 150 (3d Cir. 1996)). In this forum, the inquiry collapses into a single step because New Jersey's long arm statute permits the exercise of personal jurisdiction "coextensive with the due process requirements of the United States Constitution." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4-4(c)).

The Fourteenth Amendment of the United States Constitution "limits the reach of long-arm statutes so that a court may not assert personal jurisdiction over a nonresident defendant who does not have certain minimum contacts with the forum such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436–37 (3d Cir.1987) (citation and internal quotations omitted). Accordingly, this Court may exercise personal jurisdiction over a non-resident defendant if the defendant has "certain minimum contacts with [New Jersey] such that

---

[5] Defendant also moved for dismissal based on improper venue and failure to state a claim upon which relief can be granted. However, given the Court's decision to dismiss this action because it lacks personal jurisdiction over Defendant, it shall not consider these alternate theories for dismissal.

4

the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Henry Heide, Inc. v. WRH Products Co., Inc., 766 F.2d 105, 108 (3d Cir. 1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

      A.    Motion to Dismiss the Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2).

Once a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden to establish sufficient facts to show that jurisdiction is proper. Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). While a court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff, Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002) (quoting Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992)), the court must still examine any evidence presented with regard to disputed factual allegations. See, e.g., Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 155-56 (3d Cir. 2010) (examining the evidence supporting the plaintiff's allegations); Patterson v. FBI, 893 F.2d 595, 603-04 (3d Cir. 1990) ("A Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence."). The plaintiff "need only establish a prima facie case of personal jurisdiction." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). However, a plaintiff may not "rely on the bare pleadings alone" in order to withstand a motion to dismiss for lack of personal jurisdiction; "[o]nce the motion is made, plaintiff must respond with actual proofs, not mere allegations." Patterson, 893 F.2d at 604 (internal citations omitted).

A district court can assert either specific or general jurisdiction over a non-resident defendant. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-415 & n. 9 (1984). A court may exercise general jurisdiction when a defendant has "continuous and systematic contacts" with the forum state. Id. The defendant's "contacts need not relate to the subject matter of the litigation." However, the plaintiff must show more than mere minimum contacts with the forum state. Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir.1987). General jurisdiction requires a 'very high threshold of business activity.'" Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp. 2d 629, 633 (quoting Compagnie des Bauxites de Guinea v. Ins. Co. of N. America, 651 F.2d 877, 891 (3d Cir. 1981)). Moreover, the facts required to establish general jurisdiction must be extensive and persuasive. Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982).

On the other hand, specific jurisdiction arises where the claims arise out of the defendant's forum-related activities. See Helicopteros, 466 U.S. at 413-14. In order to establish specific jurisdiction, the relevant inquiry is: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of these activities; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007). In establishing specific jurisdiction, it is not required that the defendant be physically located in the state while committing the alleged acts. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985). Nor is specific jurisdiction defeated merely because the bulk of harm occurred outside the forum. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 780 (1984). A single act may satisfy minimum contacts if it creates a substantial connection with the forum. Burger King, 471 U.S. at 476 n. 18.

III. **ANALYSIS.**

The Court finds that Defendant's contacts with New Jersey are insufficient to establish specific jurisdiction in the District of New Jersey.[6]

Plaintiff argued that the Court has specific jurisdiction over Defendant because Defendant withdrew a transaction fee from Plaintiff's New Jersey bank accounts. However, the focus of the specific jurisdiction analysis is whether a claim arises out of a defendant's forum-related activities. Plaintiff argued that although the transaction occurred in Massachusetts, it is the imposition and withdrawal of the fee by Defendant on Plaintiff's New Jersey bank accounts that gave rise to the cause of action. However, the Third Circuit, in Synergy, Inc. v. Manama Textile Mills, W.L.L., held that it is "improper to sustain specific jurisdiction on the basis of the location of a resident party's bank." CIV. A. 06-4129, 2008 WL 6839033 (D.N.J. Feb. 19, 2008). The Third Circuit noted that the Supreme Court of the United States in Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984), expressly rejected the contention that a non-resident defendant can be deemed to have "purposefully directed" its activities to a state simply by drawing on a resident party's bank account in that state:

> [The non-resident party's] acceptance from [the resident party] of checks drawn on a Texas bank is of negligible significance for purposes of determining whether [the non-resident party] had sufficient contacts in Texas.... Common sense and everyday experience suggest that, absent unusual circumstances, *the bank on which a check is drawn is generally of little consequence to the payee and is a matter left to the discretion of the drawer.* Such unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction.

---

[6] Plaintiff does not argue, and the Court does not find, that general jurisdiction existed over Defendant. Therefore, the Court's inquiry is limited to whether specific jurisdiction exists.

7

> 466 U.S. at 416–17 (emphasis added); see also Mellon Bank East (PSFS), NA v. Di Veronica Bros., Inc., 983 F.2d 551, 555 (3d Cir.1993) (finding no personal jurisdiction based on the location of the bank upon which the non-resident party's check was drawn because "there is nothing to suggest that [the non-resident party] had any involvement in the selection by [the resident party] of a [resident] bank").

Synergy, 2008 WL 6839033 at *10.

The Court agrees with Defendant that accepting Plaintiff's position, in light of the overwhelming certifications of Defendant that it has virtually no contacts with New Jersey, would turn the jurisdictional analysis "on its head," by focusing on the unilateral actions of Plaintiff and not the purposeful actions of Defendant reaching out to do business in another state. (Reply Br. 1, ECF No. 13). Indeed, it was not Defendant that reached into New Jersey to conduct business with Plaintiff, but Plaintiff who utilized Defendant's ATM in Massachusetts and, thereby, made his bank account available to Defendant. Nor did Defendant maintain a bank account in New Jersey, but Plaintiff – who himself is not a resident of this State. Plaintiff's unilateral act of maintaining a bank account in New Jersey from which a financial institution, such as Defendant, must make withdrawals in order to process a transaction cannot be imputed to Defendant as Defendant's own purposeful act. Thus, the parties' financial transactions cannot serve as a ground to sustain personal jurisdiction over Defendant.

Consequently, Plaintiff failed to meet his burden of establishing personal jurisdiction over Defendant in the District of New Jersey.[7]

---

[7] Plaintiff alternatively argued that even if the Court determined that it lacked personal jurisdiction over Defendant, it should nevertheless deny Defendant's motion to dismiss and, instead, transfer the matter to Massachusetts. However, Plaintiff failed establish that transfer is appropriate under the applicable legal standard and, therefore, the Court recommends that this aspect of the Motion be denied.

## IV. CONCLUSION.

For the foregoing reasons, it is the recommendation of this Court that Defendant's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b) for lack of personal jurisdiction be **granted.**

_____  6/7/13
JOSEPH A. DICKSON, U.S.M.J.

cc.   Honorable Claire C. Cecchi, U.S.D.J.